```
                                                              FILED

         UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF VIRGINIA              DEC 29 2010
                Norfolk Division
```

TERRELL L. TENSLEY, #1001727,

    Petitioner,

v.                                CIVIL ACTION NO. 2:10cv347

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED and DISMISSED WITH PREJUDICE.

It is further ORDERED that the petition shall be deemed amended to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as sole respondent.[1] See Rule 2(a) o the Rules Governing Section 2254 Cases in the United States District Courts (following 28 U.S.C. § 2254).

---

[1] Harold W. Clarke replaced Gene M. Johnson as Director of the Virginia Department of Corrections on October 8, 2010.

# I. STATEMENT OF THE CASE

## A. Background

On April 5, 2007, Petitioner, Terrell L. Tensley, was convicted in the Circuit Court of Stafford County, Virginia of attempted murder, two counts of aggravated malicious wounding, conspiracy to commit a felony, three counts of use of a firearm in the commission of a felony, three counts of unlawful wounding during the commission of a felony, maliciously discharging a firearm at an occupied building, two counts of brandishing a firearm, and discharge of a firearm in a public place. Following a sentencing hearing on August 23, 2007, Tensley was sentenced to a total of 103 years and 24 months of imprisonment, with 55 years suspended.

Tensley filed a notice of appeal to the Virginia Court of Appeals on September 19, 2007. On April 23, 2008, the Virginia Court of Appeals denied the appeal per curiam, on the grounds that: (a) Tensley's claim that the Commonwealth Attorney's misrepresented a witness' testimony was procedurally barred by his failure to raise this precise issue at trial; (b) there was sufficient evidence for a reasonable trier of fact to conclude that the victim suffered a permanent and significant impairment, a required element of proof for conviction of aggravated malicious wounding; and (c) there was sufficient evidence for a reasonable trier of fact to conclude beyond a reasonable doubt that Tensley was guilty of the

offenses for which he was ultimately convicted. Tensley then requested a review by a three-judge panel of the Court of Appeals, which was summarily denied on July 2, 2008. Tensley appealed his conviction to the Supreme Court of Virginia, which summarily refused his petition for appeal on February 3, 2009. Tensley did not petition for a writ of certiorari in the Supreme Court of the United States.

On June 30, 2010, while in the custody of the Virginia Department of Corrections at the Wallens Ridge State Prison, Tensley submitted for filing the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] (ECF No. 1.) On August 30, 2010, Respondent filed his Rule 5 Answer, a Motion to Dismiss accompanied by a supporting brief, and a Roseboro Notice pursuant to Local Civil Rule 7(K). (ECF Nos. 6-9.)

## B. Grounds Alleged

Tensley now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because: (a) his conviction for aggravated malicious wounding was based on insufficient evidence with respect to proof that the victim suffered a permanent and substantial impairment, an essential element of that crime, both generally and specifically because the Commonwealth's Attorney

---

[2] Tensley's petition was received and docketed in this Court on July 16, 2010, but the petition includes a notarized statement that it was deposited in the prison mail system on June 30, 2010, and thus effectively filed that day. See R. 3(d) foll. 28 U.S.C. § 2254.

misrepresented certain witness testimony regarding the extent of the victim's injuries; and (b) his conviction on all counts was based on insufficient evidence because the case against him relied on incomplete circumstantial evidence and contradictory direct evidence.

Tensley asserted these same claims for relief on direct appeal to the Virginia Court of Appeals. That court found claim (a), to the extent it concerned any alleged misrepresentation by the Commonwealth's Attorney, to be procedurally defaulted pursuant to Virginia Supreme Court Rule 5A:18, and it denied both claims (a), to the extent it concerned a general insufficiency of the evidence, and (b) on the merits. The Supreme Court of Virginia summarily refused Tensley's subsequent petition for appeal.

## II. ANALYSIS

### A. Tensley's "Misrepresentation" Claim

Ordinarily, a federal court will not review a claim that is procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Notwithstanding procedural default, a federal court may review habeas claims where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claims will

result in a fundamental miscarriage of justice. Id.; Thomas v. Davis, 192 F.3d 445, 450 n.2 (4th Cir. 1999).

Tensley claims that his conviction for aggravated malicious wounding was based on insufficient evidence, in part because the Commonwealth's Attorney misrepresented certain witness testimony regarding the extent of the victim's injuries.

Because the Supreme Court of Virginia summarily refused Tensley's petition for appeal, this Court looks to the disposition of his direct appeal to the Virginia Court of Appeals as the last reasoned state judgment on these claims. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Virginia Court of Appeals found Tensley's claim with respect to the alleged misrepresentation of certain witness testimony by the Commonwealth's Attorney to be procedurally defaulted because he failed to comply with the contemporaneous objection rule set forth in Virginia Supreme Court Rule 5A:18, which bars consideration on appeal of any issue for which a timely, specific objection was not raised at trial. Tensley v. Commonwealth, No. 2240-07-4, slip op. at 2 (Va. Ct. App. Apr. 23, 2008) (per curiam) (citing Ohree v. Commonwealth, 26 Va. App. 299, 307-08, 494 S.E.2d 484, 488-89 (1998)). This Court has expressly recognized that "Rule 5A:18 constitutes an adequate and independent ground for denying a claim." Makdessi v. Watson, 682 F. Supp. 2d 633, 650 (E.D. Va. 2010) (citing Clagett v. Angelone,

209 F.3d 370, 378 (4th Cir. 2000)).³ Therefore, this claim is procedurally defaulted before this Court.

Accordingly, the Court FINDS that claim (a), insofar as it concerns an alleged misrepresentation of witness testimony by the Commonwealth's Attorney, was procedurally defaulted in state court pursuant to an independent and adequate state rule, and, in the absence of any showing of cause and prejudice or miscarriage of justice,⁴ it is likewise procedurally defaulted in this Court. The Court therefore recommends denying the petition with respect to claim (a), insofar as it concerns an alleged misrepresentation of witness testimony by the Commonwealth's Attorney.

### B. Tensley's "Insufficient Evidence" Claims

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

³ See also Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977) (recognizing Florida's contemporaneous objection rule to be an independent and adequate state procedural ground which prevents review); Whitley v. Bair, 802 F.2d 1487, 1501 (4th Cir. 1986) (recognizing the contemporaneous objection rule as embodied in Virginia Supreme Court Rule 5:21 as "a legitimate ground for the application of the procedural default doctrine").

⁴ It is the petitioner's burden to raise these issues. See Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998).

>           (2) resulted in a decision that was based
> on an unreasonable determination of the facts
> in light of the evidence presented in the
> State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000); see also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. Moreover, any factual findings made by the state court are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

Because the Supreme Court of Virginia summarily refused Tensley's petition for appeal, this Court looks to the disposition of his direct appeal to the Virginia Court of Appeals as the last reasoned state judgment on these claims. Ylst, 501 U.S. at 803. On direct appeal of his conviction, the Court of Appeals considered Tensley's claims that his conviction for aggravated malicious wounding was based on insufficient evidence with respect to proof that the victim suffered a permanent and substantial impairment, an essential element of that crime (claim (a), to the extent it concerned a general insufficiency of the evidence), and that his conviction on all counts was based on insufficient evidence because the case against him relied on incomplete circumstantial evidence and contradictory direct evidence (claim (b)), denying both claims on their merits.

In denying the balance of claim (a) on the merits, the court noted that, under Virginia law, a conviction for aggravated malicious wounding requires proof that the victim suffered a "permanent and significant physical impairment." Tensley, slip op. at 2 (quoting Donkor v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc)). The court found that, "[c]onsidering the testimony of the victim and the doctor as well as physical evidence, the jury could reasonably conclude that the victim had a permanent and significant impairment as a result of the shooting." Id. at 2-3.

In denying Tensley's claim (b) on the merits, the court relied on the record, recounting the material facts of the case in detail. Id. at 3. The court noted that the victim testified and positively identified Tensley "with a high degree of certainty" as the person who shot him in both legs. Id. The court noted that the victim's testimony was corroborated by the testimony of an eyewitness, and by certain circumstantial evidence, including the recovery from Tensley's residence of unspent ammunition matching that used to shoot the victim. Id. The court noted that, under Virginia law, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Id. (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)). The court found that the jury's credibility determination was reasonable and that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Tensley] was guilty of the charged offenses." Id.

Because the Court of Appeals clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d). There is nothing to suggest that adjudication on

the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale would appear to be a reasonable application of Jackson v. Virginia, 443 U.S. 307 (1979), which provides the controlling standard for evaluating insufficient evidence claims. See id. at 319 (holding that, on federal habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (emphasis in original). Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Accordingly, the Court FINDS that claim (a), insofar as it concerns a general insufficiency of the evidence, and claim (b) were previously adjudicated on the merits by the Virginia Court of Appeals on direct appeal, and that there is no indication from the record that this adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor that it resulted in a decision that was based on an unreasonable determination of the facts. The Court therefore recommends denying the petition with respect to claim (a), insofar as it concerns a general insufficiency of the evidence, and claim (b).

## III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the Respondent's motion to dismiss be GRANTED, Tensley's petition for writ of habeas corpus be DENIED, and all of Tensley's claims be DISMISSED WITH PREJUDICE.

Tensley has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule (6)(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made. See 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 29, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Terrell L. Tensley, #1001727
Wallens Ridge State Prison
272 Dogwood Drive
Big Stone Gap, VA 24219
PRO SE

Josephine Whalen, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219
COUNSEL FOR RESPONDENT

Fernando Galindo
Clerk of Court

By: /s/ Deputy Clerk

December 30, 2010